◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COLEMAN, Appellant. [738 NYS2d 877] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered November 17, 1999, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to *Batson v Kentucky* (476 US 79) and its progeny, the third step in analyzing whether a peremptory challenge to a prospective juror violates the Equal Protection Clause requires the trial court to decide whether the opponent has proved purposeful discrimination (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 104; *People v Richie,* 217 AD2d 84, 85). We find no reason to disturb the trial court's determination that the proffered race-neutral reason was pretextual.

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.